George Hofmann (10005)
Steven C. Strong (6340)
Benjamin J. Kotter (9592)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
Email: ghofmann@cohnkinghorn.com
        sstrong@cohnekinghorn.com
        bkotter@cohnekinghorn.com

*Attorneys for Gil A. Miller, Liquidating Trustee*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**INFINIA CORPORATION, LLC** and **POWERPLAY SOLAR I, LLC**,<br><br>Debtors.<br>---<br>**GIL A. MILLER**, as Liquidating Trustee of the consolidated bankruptcy estate of **INFINIA CORPORATION** and **POWERPLAY SOLAR I, LLC**,<br><br>Plaintiff,<br><br>vs.<br><br>**KUEHNE + NAGEL, INC.**,<br><br>Defendant. | Bankruptcy No. 13-30688<br><br>Chapter 11<br><br>Honorable William T. Thurman<br><br><br>**COMPLAINT**<br><br>Adv. Pro. No. 15-_____ |

{00245828.DOC / }

Gil A. Miller, in his capacity as the Liquidating Trustee (the "Trustee" or "Plaintiff") of the consolidated bankruptcy estates of Infinia Corporation ("Infinia" or the "Debtor") and PowerPlay Solar I, LLC (collectively, the "Debtors"), brings this action against Kuehne + Nagel, Inc. ("Defendant"), and for causes of action, alleges as follows:

## NATURE OF THE CASE

1.      This Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by Infinia during the 90-day period before Infinia's bankruptcy filing under Bankruptcy Code §§ 547 and 550.  To the extent that the Defendant has filed one or more proofs of claim or has claims listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or otherwise has requested payment from the Debtors or the Debtors' estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Debtors' or Trustee's right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. § 502(a) through (j) ("Section 502"), and such rights are expressly reserved.  Notwithstanding this reservation of rights, certain relief pursuant to Section 502 is sought by the Trustee in this Complaint as stated below.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5.      On September 17, 2013 (the "Petition Date"), the Debtors filed for bankruptcy relief under Chapter 11 of the U.S. Bankruptcy Code, commencing jointly administered Bankruptcy Case No. 13-30688 (the "Case") in the U.S. Bankruptcy Court for the District of Utah (the "Court").

6.      On April 14, 2014, the Court entered an order [Docket No. 326] (the "Confirmation Order") confirming the Debtors' Chapter 11 Plan of Liquidation (the "Plan").

7.      The "Effective Date" of the Plan was May 14, 2014.  Pursuant to the Plan, Gil A. Miller became the Liquidating Trustee of the Debtors' consolidated bankruptcy estate (the "Estate") as of the Effective Date.

8.      Upon information and belief, Defendant is a company registered to do business in Utah and conducts business in, among other locations, Salt Lake City, Utah.

## First Cause of Action
### *(Preferential Transfer under 11 U.S.C. § 547)*

9.      The Trustee incorporates by reference all preceding paragraphs of this Complaint.

10.     As set forth on Exhibit A attached hereto, which is hereby incorporated by reference as if fully set forth herein, in the ninety (90) days preceding the Petition Date (the "Preference Period") the Defendant received payments from Infinia totaling $43,391.18 (the "Preferential Transfer").

11.    The Preferential Transfer constitutes a transfer of an interest of the Debtors in property.

12.    The Preferential Transfer was made to the Defendant within ninety (90) days before the Debtor's bankruptcy filing.

13.    The Preferential Transfer was to or for the benefit of the Defendant, at a time when the Defendant was a creditor of Infinia.

14.    The Preferential Transfer was for or on account of an antecedent debt owed to the Defendant by Infinia before the Preferential Transfer was made.

15.    Infinia was insolvent at the time the Preferential Transfer was made.

16.    The Preferential Transfer enabled the Defendant to recover more than it would have received under Chapter 7 of the Bankruptcy Code if the Preferential Transfer had not been made and if the Defendant had received payment of such debt to the extent provided by the applicable provisions of the Bankruptcy Code.

17.    At all times relevant, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e) of the Bankruptcy Code.

18.    By reason of the foregoing, the Preferential Transfer may be avoided as a preference under 11 U.S.C. § 547(b).

19.    During the course of this proceeding the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period.  It is the Trustee's intention to avoid and recover all transfers made

{00245828.DOC /}

4

by the Debtors of an interest of the Debtors in property or transfer made by the Debtors for the benefit of the Defendant or any other transferee.  The Trustee reserves his right to amend this Complaint to include (i) further information about the Preferential Transfer, (ii) information regarding additional transfers, (iii) revision of the Defendant's name, and/or (iv) additional causes of action including, but not limited to, causes of action under Sections 542, 544, 545, 548, and 549 of the Bankruptcy Code (collectively, the "Amendments"), as additional information may become known to the Trustee any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the filing of the original Complaint in this case.

## Second Cause of Action
*(Transferee Liability under 11 U.S.C. § 550)*

20.    The Trustee incorporates by reference all preceding paragraphs of this Complaint.

21.    The Defendant was the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer were made.

22.    By reason of the foregoing, and pursuant to 11 U.S.C. § 550, the Trustee may recover from the Defendant the Preferential Transfer.

## **Third Cause of Action**
### *(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))*

23.     The Trustee incorporates by reference all preceding paragraphs of this

Complaint.

24.     The Defendant is an entity from which property is recoverable under

11 U.S.C. § 550.

25.     The Defendant is a transferee of the Preferential Transfer avoidable under

11 U.S.C. § 547.

26.     The Defendant has not paid the amount of the Preferential Transfer for

which the Defendant is liable under 11 U.S.C. § 550.

27.     Pursuant to 11 U.S.C. § 502(d) and (j), any and all Claims of the

Defendant and/or its assignee against the Estate that are or were previously allowed in

the Case must be reconsidered and disallowed until such time as the Defendant pays to

the Trustee an amount equal to the aggregate amount of the Preferential Transfer, plus

interest thereon and costs.

**WHEREFORE**, the Trustee requests judgment against the Defendant as follows:

1.     Avoiding and recovering the Preferential Transfer or its value from the

Defendant;

2.     Granting judgment in favor of the Trustee and against the Defendant in the

amount of $43,391.18;

3.     Requiring the Defendant to immediately pay this amount to the Trustee

pursuant to 11 U.S.C. §550;

4.      Disallowing any Claims of the Defendant and/or its assignees pursuant to

Bankruptcy Code § 502(d) and (j) if it refuses to turn over any transfers to the Trustee;

5.      Awarding pre-judgment interest at the maximum legal rate pursuant to

28 U.S.C. § 1961 to the extent provided by law;

6.      Awarding post-judgment interest at the maximum legal rate pursuant to

28 U.S.C. § 1961 from the date of judgment until paid in full; and

7.      For any other relief the Court deems just and proper.

DATED this 11th day of September, 2015.

**COHNE KINGHORN, P.C.**

___*/s/ Benjamin J. Kotter*___
George Hofmann
Steven C. Strong
Benjamin J. Kotter
*Attorneys for Gil A. Miller, Liquidating Trustee*

# Exhibit A

| Vendor Name | Pmt | Pmt Date | Line | Amount | Payment Amount | Voucher Number | Voucher Date | Voucher2 | Payment | Bank Account |
|---|---|---|---|---|---|---|---|---|---|---|
| KUEHNE & NAGEL  INC | 0000048595-CK | 6/25/2013 | | 25,700.64 | 5,000.00 | 37317 | 3/25/2013 | SLC0121784-IN | 5,000.00 | KeyBank-Check |
| KUEHNE & NAGEL  INC | 0000048656-CK | 7/26/2013 | | 28,391.18 | 28,391.18 | 38368 | 4/23/2013 | SLC0122626-IN | 28,391.18 | KeyBank-Check |
| KUEHNE & NAGEL  INC | 0000048711-CK | 8/7/2013 | | 25,700.64 | 5,000.00 | 37317 | 3/25/2013 | SLC0121784-IN | 5,000.00 | KeyBank-Check |
| KUEHNE & NAGEL  INC | 0000048793-CK | 8/28/2013 | | 25,700.64 | 5,000.00 | 37317 | 3/25/2013 | SLC0121784-IN | 5,000.00 | KeyBank-Check |
| **KUEHNE & NAGEL  INC Total** | | | | | | | | | 43,391.18 | |